UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIUDMYLA IEGOROVA,

Plaintiff,

v.

WELLNESS RECOVERY CENTER,

Defendant.

No. 2:18-cv-1556-JAM-KJN PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Liudmyla Iegorova, proceeding without counsel, commenced this action and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d

1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Plaintiff's complaint is confusing and in part unintelligible, but appears to allege that a medical clinic, the named defendant Wellness and Recovery Center, failed to respond to plaintiff's requests for an appointment and/or assistance with in-home support services. Plaintiff also claims that the United States Government illegally evicted her from her HUD apartment, stole evidence and private property from her apartment, and paid cash to third parties to harass her and take illegal pictures of her at night. (See generally, ECF No. 1.)

The court finds plaintiff's allegations in this case to be frivolous and insubstantial, and thus recommends dismissal for lack of subject matter jurisdiction pursuant to the substantiality doctrine. Ordinarily, the court provides *pro se* plaintiffs with notice of pleading deficiencies and an opportunity to amend prior to dismissal. However, in this case, the nature of plaintiff's allegations suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Indeed, apart from this case, plaintiff has filed a slew of largely frivolous cases in this district, naming defendants ranging from President Trump to President Obama to Target Corporation to the Social Security Administration. See Iegorova v. Trump, 2:18-cv-610-KJM-AC, ECF No. 3 n.1 (outlining plaintiff's substantial litigation history in this district).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as

moot.

3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: June 7, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE